UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DAVID KIM on behalf of himself and all others similarly situated,

                Plaintiff,

v.

CATHAY EXPRESS TRANSPORTATION INC., MAX DAVYDOV, and ESYA DAVYDOV,

                Defendants,

Index No. 19-CV-2007

**COMPLAINT**

**COLLECTIVE AND CLASS ACTION**

---

Plaintiff, David Kim (collectively, "plaintiff"), on behalf of himself and all others similarly situated, by his attorneys, Ryan Kim, complaining of defendants Cathay Express Transportation Inc.("Cathay Express"), Max Davydov and Esya Davydov (collectively, "defendants"), alleges:

## NATURE OF ACTION

1. This action is brought to recover unpaid overtime wages, unpaid spread-of-hours pay, and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL").

2. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, unpaid overtime wage, spread-of-hours pay, liquidated damages, compensatory damages, interest, and attorneys' fees and costs pursuant to the FLSA and the NYLL.

3. Defendants own and operate Cathay Express, handicap transportation company that provides wheelchair accessible taxi service to disabled people in New York.

1

4. Cathay Express is located at 30-50 Whitestone Avenue, 4th floor, Rego Park 7NY 11374.

5. Defendants failed to compensate Plaintiff and all others similarly situated at the statutorily overtime wage, spread-of-hours pay, failed to furnish accurate wage notices and failed to give employees wage statements as required by law.

## JURISDICTION

6. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as Cathay Express Transportation Inc. is located in the Eastern District of New York.

### Plaintiff David Kim

8. David Kim ("Kim") resides in Queens, New York.

9. Kim was employed as a handicap taxi driver by Defendants from June 6, 2014, through February 1, 2019.

### Cathay Express Transportation, Inc.

10. Cathay Express Transportation, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Cathay Express Transportation, Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Cathay Express Transportation, Inc. has an annual gross volume of sales in excess of $500,000.

### Max Davydov

13. Defendant Max Davydov is the owner of Cathay Express Transportation, Inc.

14. Max Davydov is sued individually in his capacity as an owner, officer and/ or agent of Cathay Express.

15. Max Davydov exercises sufficient control over the company's operations to be considered Plaintiff's employer under the FLSA and NYLL.

16. At all-time material herein, Max Davydov had the authority to hire and fire employees and established and exercised authority regarding the pay practices at Cathay Express.

17. Max Davydov regularly confers with the management team of Cathay Express in person.

18. Max Davydov makes all final decisions about employment practices at Cathay Express.

### Esya Davydov

19. Defendant Esya Davydov is the Chief Executive Officer and the owner of Cathay Express Transportation, Inc.

20. Esya Davydov is sued individually in her capacity as an owner, officer and/ or agent of Cathay Express.

21. Esya Davydov exercises sufficient control over the company's operations to be considered Plaintiff's employer under the FLSA and NYLL.

22. At all-time material herein, Esya Davydov had the authority to hire and fire employees and established and exercised authority regarding the pay practices at Cathay Express.

23. Esya Davydov regularly confers with the management team of Cathay Express in person.

24. Esya Davydov makes all final decisions about employment practices at Cathay Express.

## CLASS ACTION ALLEGATIONS

25. The claims in this Complaint arising out of the NYLL are brought by Plaintiff under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and of a class consisting of all similarly situated non-exempt employees (i.e. cab drivers, dispatchers and HR worker, marketing and accounting clerks) who work or have worked at Cathay Express for the past six years (the "Rule 23 Class").

26. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

27. The size of the Rule 23 Class is at least forty (40) individuals, although the precise number of such employees is unknown Facts supporting the calculation of that number are presently within the sole control of defendants.

28. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby malting appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

29. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, inter alia, the following:

    a. whether defendants violated NYLL Article 6, § 190, et seq., and Article 19, § 650, *et seq*., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Parts 137 and 146, as alleged herein;

    b. whether defendants failed to pay non-exempt employees the overtime wages for all hours worked;

    c. whether defendants failed to pay non-exempt employees one hour's pay at the minimum hourly wage rate for each day during which employees worked more than ten hours;

    d. whether defendants failed to provide non-exempt employees with accurate written notice of wages as required by the NYLL and Wage Theft Prevention Act; and

    e. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

30. The claims of the Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23

31. Classwork or have worked for defendants within the six years prior to the filing of this action. They enjoy the same statutory rights under the NYLL to be paid at the correct overtime wage for all hours worked and to keep the gratuities they earn. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of defendants' failure to comply with the NYLL.

32. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to defendants' common policies, practices, and patterns of conduct.

33. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

34. Plaintiff has retained counsel competent and experienced in wage and hour litigation and class action litigation.

35. There is no conflict between Plaintiff and the Rule 23 Class members.

36. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiff lacks the financial resources necessary to conduct a thorough examination of defendants' compensation practices and to prosecute vigorously a lawsuit against defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

37. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COLLECTIVE ACTION ALLEGATIONS

38. The claims in this Complaint arising out of the FLSA are brought by the Plaintiff on behalf of himself and all similarly situated non-exempt employees (i.e. cab drivers, dispatchers, HR worker, marketing and accounting clerks) who work or have worked at Cathay Express within three years of the date of the filing of this action and who elect to opt-in to this action (the "FLSA Collective").

39. The FLSA Collective consists of approximately one hundred similarly situated current and former non-exempt employees of Cathay Express, who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime pay and other monies.

40. The FLSA Collective consists of employees who, during their employment at Cathay Express, worked as non-exempt employees.

41. As part of their regular business practices, defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice include, inter alia:

   a. failing to pay employees the proper overtime pay for all hours worked over forty;

   b. failing to pay non-exempt employees one hour's pay at the minimum hourly wage rate for each day during which employees worked more than ten hours;

   c. failing to keep accurate records of hours worked by employees as required by the FLSA and the NYLL.

42. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF'S FACTUAL ALLEGATIONS

43. Kim worked as a handicap taxi driver throughout his time employed by defendants.

44. Working as a driver, Kim fell into the category of "non-exempt" employee pursuant to the FLSA.

45. From June 6, 2014, to February 1, 2019, Kim regularly worked five days per week.

46. Kim worked from approximately 7:30 a.m. to approximately 5:30 p.m., or to approximately 6:30 p.m.

47. Defendants failed to compensate Kim at one and one-half times his hourly rate for the hours he worked in excess of forty per workweek.

48. Defendants failed to pay Kim spread-of-hours pay when the length of his workday exceeded ten hours.

49. The weekly wage statements given to Kim by defendants did not accurately report, inter alia, his hours worked and rates of pay.

50. Defendants also failed to furnish Kim with a wage notice at the time of hiring and whenever his wage rates changed.

## FIRST CLAIM
### (Fair Labor Standards Act - Unpaid Overtime)

51. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

52. Defendants are required to pay Plaintiff and the FLSA Collective one and one-half (1 ½ ) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

53. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

54. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and FLSA Collective overtime wages.

55. Due to defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law- Unpaid Overtime)

56. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

57. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay Plaintiff and the Rule 23 Class one and one half (1 ½) times the regular rate of pay for all hours they worked in excess of forty.

58. Defendants have failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

59. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

60. Due to defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law - Spread-of-Hours Pay)

61. Plaintiff repeats and realleges all forgoing paragraphs as if set forth herein.

62. Defendants willfully failed to pay Plaintiff and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten hours.

63. By defendants' failure to pay Plaintiff and the Rule 23 Class spread-of-hours pay, defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

64. Due to defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## FOURTH CLAIM
### (New York Labor Law - Wage Theft Prevention Act)

65. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

66. Defendants failed to furnish to Plaintiff and the Rule 23 Class at the time of hiring, whenever there was a change to an employee's rate of pay, and on or before February 1st of each year of employment through 2019, a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

67. Due to defendants' violation of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover from the defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court enter a judgment:

a. certifying this case as a class action pursuant to CPLR §§ 901 and 902 for the class of employees described herein, certification of Plaintiff as the class representative, and designation of Plaintiff's counsel as Class Counsel;

b. authorizing the issuance of notice at the earliest possible time to all non-exempt employees who were employed by defendants during the six years immediately preceding the filing of this action. This notice should inform

them that this action has been filed, describe the nature of the action, and explain their right to participate in this lawsuit;

c. declaring that defendants have violated the wage provisions of the FLSA and the NYLL;

d. declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

e. declaring that defendants have violated the spread-of-hours provisions of the NYLL;

f. declaring that defendants' violations of the FLSA and NYLL were willful;

g. awarding plaintiff, the FLSA Collective, and the Rule 23 Class damages for unpaid overtime wages;

h. awarding Plaintiff and the Rule 23 Class damages for unpaid spread-of-hours pay;

i. awarding plaintiff the FLSA Collective, and the Rule 23 Class liquidated damages as a result of defendants' failure to furnish annual notices pursuant to the NYLL;

j. awarding plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

k. awarding plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

l. awarding plaintiff, the FLSA Collective, and the Rule 23 Class pre-judgment and post-judgment interest under the FLSA and the NYLL;

m. awarding plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

n. awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

Dated: New York, New York
April 8, 2019

      /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law
163-10 Northern Blvd. Suite 205
Flushing, NY 11358
ryan@RyanKimLaw.com