UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID KIM,

        Plaintiff,

        *v.*

CATHAY EXPRESS TRANSPORTATION INC., MAX DAVYDOV, and ESYA DAVYDOV,

        Defendants.

**ORDER**
19-CV-2007-SJB

**BULSARA, United States Magistrate Judge:**

    David Kim ("Kim" or "Plaintiff") commenced this wage-and-hour action on April 8, 2019, against Cathay Express Transportation Inc., Max Davydov, and Esya Davydov. On behalf of himself and a putative collective, Kim alleged Defendants willfully failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"). (Compl. dated Apr. 8, 2021 ("Compl."), Dkt. No. 1, ¶¶ 52–55). Kim is represented by Ryan J. Kim of Ryan Kim Law, P.C. ("Ryan Kim Law"). (*Id.* at 12).

    After the parties reached a settlement, the Court directed them to move for approval as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), (Order dated Apr. 3, 2021), which the parties did, (Mot. dated May 3, 2021 ("Mot."), Dkt. No. 33). The initial agreement included a mutual general release, and on June 3, 2021, the parties filed a rider to the settlement agreement, signed by all parties, that limited the release to claims arising under the FLSA and New York Labor Law ("NYLL"). (Letter dated June 3, 2021, Dkt. No. 35).

    The settlement agreement proposed to the Court provides for a $55,000 lump-sum payment. (Settlement Agreement and Release of Claims dated May 3, 2021, attached to Mot., Dkt. No. 33, § 1). It provides counsel fees that are over two times what Plaintiff will recover. Seventy-two percent of the settlement goes to Plaintiff's counsel,

and the remainder to his client. And this arrangement is in place despite the fact that Plaintiff is not receiving full compensation for his claims of wage and hour violations. This unconscionable arrangement does not pass muster under *Cheeks*. For the reasons outlined below, the motion is denied.

The Court finds the settlement agreement does not "reflect[ ] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Tuan Le v. SITA Info. Networking Computing, USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (second alteration in original) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Cheeks*, 796 F.3d at 200. The proposed settlement cannot be approved for two reasons: (1) the parties have not demonstrated that the settlement amount is fair; and (2) Plaintiff's counsel has not shown that the attorney's fees requested are reasonable or commensurate with the degree of success obtained, *see Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606–07 (2d Cir. 2020). Each issue is addressed in turn.

I. <u>The Parties Have Not Shown the Settlement Amount Is Fair or Within the Reasonable Range of Recovery</u>

First, the Court is unable to conclude that the settlement is substantively fair. After deducting costs—$796.00 (for which Plaintiff is responsible)—the parties propose that $15,000.00 (28 percent of the settlement)—be allocated to Kim, and $39,231.00 (72 percent)—be paid as attorney's fees. (Mot. at 2). On May 4, 2021, this Court issued an Order to Show Cause, asking the parties to explain why this distribution was appropriate. In response, Kim's counsel explained that Kim was entitled to $8,366.40 in unpaid overtime wages under the NYLL. (Resp. dated May 11, 2021 ("Resp."), Dkt.

2

No. 34, at 2). The settlement amount of $15,000 was calculated by "round[ing] up to $10,000" to account for "various promised but not paid additional payments" and adding a 50 percent liquidated damage award of $5,000, which together totals $15,000. (*Id.*). In this cursory explanation, Kim's counsel does not address the merits of the allegations of the spread-of-hours violations or the failure to provide wage notices; that is, he ignores the other claims in the lawsuit.

In evaluating any settlement that provides for the dismissal of a FLSA claim with prejudice, courts are to consider:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d, 335–36 (S.D.N.Y. 2012)). While the motion for settlement approval provides a cursory analysis of one of Kim's claims—seeking unpaid overtime wages in violation of the NYLL, (*see* Compl. ¶¶ 57–60)—it does not address the other two claims brought in the Complaint: violations of the NYLL spread-of-hours law or the failure to provide wage notices or statements under the NYLL, (*see id.* ¶¶ 62–64, 66–67).[1] If Kim's unpaid overtime claim amounts to $10,000 it stands to reason—or it is at least plausible—that he also is entitled to recovery for wage notice or statement violations. That is, because a party that

---

[1] Kim also alleges violations of the overtime provisions of the FLSA. (Compl. ¶¶ 52–55). Employees are entitled to recover unpaid wages under "*either* the FLSA *or* the NYLL (whichever statute would provide [them] with greater damages)," but not both. *Kernes v. Glob. Structures, LLC*, No. 15-CV-659, 2016 WL 880199, at *9 (S.D.N.Y. Feb. 9, 2016) (emphasis added), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 35655 (Mar. 1, 2016).

3

has failed to pay statutorily required overtime pay, it likely provided wage notices and statements reflecting the incorrect amounts. Further, the wage calculations provided in response to the Order to Show Cause also indicate that Kim may be entitled to recovery for minimum-wage violations. For example, it appears that in the week of October 21, 2018, Kim was paid $600 for 56.53 hours of work. (Ex. B to Resp., Dkt. No. 34).[2] This is equivalent to an hourly wage of $9.26 per hour; in 2018, the New York State minimum wage for large employers with employees in New York City—like Defendants, (Compl. ¶¶ 4, 8, 27)—was $13 per hour, 12 N.Y.C.R.R. § 142-2.1(a)(1)(i)(a). The parties do not address Kim's recovery for minimum-wage violations such as these, or the prejudgment interest he is also entitled to under the NYLL for the unpaid overtime. *See* N.Y. Lab. Law § 198(1-a); (*accord* Compl. ¶ 60). If those violations do exist—then counsel's exorbitant fee application enhances the firm's recovery at Kim's expense.

Nor does the motion indicate that Kim faces any "significant litigation risks" that would justify minimized recovery for these other claims. *See, e.g.*, *Douglas v. Allied Universal Sec. Servs.*, No. 17-CV-6093, 2020 WL 6323691, at *3 (E.D.N.Y. May 6, 2020). The papers instead suggest the opposite. Kim's counsel states that Defendants willingly paid Kim $55,000 to settle claims with a maximum recovery of $15,000. The proposition, without any explanation, makes little sense, even if one accounts for a reasonable amount of fees involved for litigating the case to judgment. But it suggests that Plaintiff's claim for unpaid overtime is strong, and therefore, it is likely that his other NYLL claims—which are easily established based upon a finding of an overtime

---

[2] While Plaintiff's submission is not clear, the Court believes that the "Regular Wage" column in his submission indicates what he was paid, while the "Overtime wage" column indicates the overtime pay he was owed, but not paid.

violation (for instance, unpaid overtime establishes that wage statements were not correct)—are also strong, and as such do not face the kind of substantial litigation risk that would counsel in discounting their value to zero. At a minimum, without any explanation, the Court cannot assume that the remainder of Kim's claims are worthless, which is what the current application implicitly asks the Court to do.

Without any basis to conclude that the $15,000 recovery by Kim is fair, the Court concludes that *Cheeks* approval cannot be granted.

II.  <u>The Parties Have Not Shown the Requested Attorney's Fees Are Reasonable or Commensurate with the Degree of Success Obtained</u>

Second, Ryan Kim Law's request for attorney's fees suffers from myriad deficiencies and is grossly inflated. As such, the settlement flunks the requirement that fees be commensurate with the degree of success obtained or be reasonable.

The firm seeks $39,321 in attorney's fees. (Mot. at 2). In support, Ryan Kim Law provided its contemporaneous billing records for the matter. (Invoice dated May 3, 2021 ("Invoice"), attached to Mot., Dkt. No. 33). The firm seeks reimbursement at a rate of $550 per hour for 80.3 hours of work performed by one attorney Ryan Kim, and reimbursement at a rate of $150 per hour for 30.1 hours of work performed by a paralegal, Jia Choi. (*See generally id.*). The firm's calculated lodestar is $48,680.00, meaning counsel seeks to recover 80.7 percent of its fees.

But using the rates supplied by counsel to determine the lodestar here would be inappropriate. A $550 hourly rate, even for an experienced partner, is inconsistent with District precedent, as is a $150 hourly rate for a paralegal. *See, e.g.*, *Jianmin Jin v. Shanghai Original, Inc.*, No. 16-CV-5633, 2020 WL 4783399, at *5 & n.3 (E.D.N.Y. Aug. 18, 2020) (adopting report and recommendation in part) (reducing hourly rate of $550

5

for partner in FLSA case and $150 hourly rate for nonlawyer support staff).[3]  Even without reductions in the hours billed,[4] using the midrange rates for the District ($400 for partners and $75 an hour for paralegals) leads to a revised lodestar of $34,377.50, significantly less than the amount requested by counsel.

The Court also questions the hours that the firm has billed to date.  A total of 110 hours is an extraordinary amount of time given how little has taken place in the case.  This lawsuit was initiated in April 2019; the parties did not participate in mediation or a settlement conference before the Court; only one motion has been litigated—a motion to compel discovery filed in December 2020, (Mot. to Compel dated Dec. 23, 2020, Dkt. No. 24); and only one deposition was conducted—a one-hour deposition of a nonparty witness on March 12, 2021, (Invoice at 15).  Kim does not assert—nor could the Court conclude—that any novel issues of law or fact required over 100 billable hours of work.  So even if the magnitude of success justified a fee greater than Kim's recovery—which the Court has serious doubts about—the fee here is excess of a reasonable lodestar.  *See Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016)

---

[3] In support of attorney Ryan Kim's request for compensation at a $550 hourly rate, he states that this hourly rate "has been approved . . . in connection with several FLSA settlement [sic] in this district" and cites to a list of cases.  (Decl. of Ryan Kim dated May 3, 2021, Dkt. No. 33, ¶ 11).  The Court observes that counsel's point is undercut by the majority of the cases cited, in which the Court approved an apportionment of one-third of the settlement amount, after costs, to counsel, rather than an hourly rate of $550.

[4] For example, Jia Choi billed 9.5 hours for scanning documents.  (Invoice at 1–2, 4).  This kind of clerical work is typically removed from any lodestar calculation.  *Velazquez Cuatutle v. Hudson Mkt. 303 LLC*, No. 18-CV-2968, 2019 WL 5569603, at *1 (S.D.N.Y. Oct. 29, 2019) (noting "concern[s] about the inflation of hours billed" where time records indicating billing for scanning); *see also, e.g., Hall v. ProSource Techs., LLC*, No. 14-CV-2502, 2016 WL 1555128, at *13 (E.D.N.Y. Apr. 11, 2016) (collecting cases).

("Based on the parties' joint application in support of the settlement, and the fact that before settlement they appear to have conducted little discovery and to have litigated no motions, this is a quotidian FLSA case. It lacks any special circumstances that might justify a fee . . . representing a majority of the settlement."). And that suggests it is excessive. *See, e.g.*, *Mendoza v. AZK Rest., Inc.*, No. 16-CV-2286, 2017 WL 946330, at *2 (S.D.N.Y. Feb. 22, 2017) ("[T]he Court is not persuaded that in this single-plaintiff action that presents no complex or novel issues, the speed with which the parties achieved a negotiated disposition alone justifies, and makes reasonable, the payment of a fee to the plaintiff's counsel that exceeds, by $8,730, the presumptively reasonable fee achieved by performing the lodestar calculation. Consequently, the Court cannot approve the parties' proposed settlement agreement.").

Ryan Kim Law correctly points out that the Second Circuit has foreclosed a ceiling of one-third recovery for attorneys' fees in FLSA settlements. (Resp. at 3–4); *see Fisher*, 948 F.3d at 603–05. Instead, "the ultimate standard in FLSA cases is reasonableness," and "'[t]he size and difficulty of the issues in the case are factors to be considered in making a fee award.'" *Lawtone-Bowles v. City of New York*, No. 16-CV-4240, 2021 WL 1326865, at *3 (S.D.N.Y. Apr. 8, 2021) (quoting *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12-CV-4216, 2014 WL 3778173, at *10 (S.D.N.Y. July 21, 2014)).

Under these standards, Ryan Kim Law's fee request is patently unreasonable. If Kim were recovering 100 percent of his alleged damages and back pay—a dubious proposition in light of the calculations provided and that he appears to have waived multiple claims and received no compensation for them, *see supra*—then such fee

7

recovery might be justified.  Those circumstances are not present here, and the settlement must be rejected.

For the reasons stated above, the motion for settlement approval is denied.  The parties shall file a status report by **June 22, 2021** on how they wish to proceed.

                                                                        SO ORDERED.

                                                */s/ Sanket J. Bulsara* June 8, 2021
                                                SANKET J. BULSARA
                                                United States Magistrate Judge

Brooklyn, New York