## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Plaintiff DAVID KIM, on behalf of himself, his agents, representatives, assigns, heirs, executors, beneficiaries, trustees (collectively, "Plaintiff"), and CATHAY EXPRESS TRANSPORTATION INC., its subsidiaries, affiliates, divisions, and its respective shareholders, officers, directors, agents, employees, insurers, employee benefit plans and its predecessors, successors and assigns, MAX DAVYDOV and ESYA DAVYDOV (collectively, "Defendants"), voluntarily agrees to completely settle and resolve all claims as specified in this Settlement Agreement and Release of Claims (the "Agreement");

**WHEREAS,** on April 8, 2019, Plaintiff filed a Complaint in United States District Court Eastern District of New York captioned *David Kim vs. CATHAY EXPRESS TRANSPORTATION INC., MAX DAVYDOV, and ESYA DAVYDOV,* Case Number 1:19-cv-2007 relating to Plaintiff's employment with Cathay Express Transportation Inc and asserting claims against Defendants under the Fair Labor Standards Act and the New York Labor Law; (the "Lawsuits");

**WHEREAS,** the parties want to avoid further controversy, litigation, costs, legal fees, and inconvenience, and enter into this Agreement to resolve all claims, including attorneys' fees and costs, asserted by the Plaintiff against Defendants in the Lawsuits; and

**WHEREAS** Defendants expressly deny all of the allegations contained in the Lawsuits, and Defendants expressly maintain their positions that no violations of law have occurred, statutory or otherwise. Defendants further vehemently deny any and all allegations of wrongdoing asserted, or that could have been asserted, in the Lawsuits and vigorously defended the Lawsuits.

**WHEREAS**, the Parties acknowledge and agree that this Agreement is a global settlement inclusive of any and all claims which were asserted, or could have been asserted, by the Plaintiff against any and all of the Defendants in the Lawsuits; provided, however, that nothing in this Agreement shall prevent any of the Parties from seeking judicial intervention to enforce the terms of this Agreement. The execution of this Agreement shall not be deemed an admission of liability, or an admission or concession of the truth of any claim, allegation, or statement made by any of the Parties.

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the parties agree as follows:

1. **Settlement Payment.** Defendants shall pay Plaintiff the gross sum of $55,000.00 in the following manners:

> Defendants shall cause to be delivered to Plaintiff's counsel, for the benefit of Plaintiff, the sum of Fifty-Five Thousand and 00/100 Dollars ($55,000.00) (the "Settlement Amount"), as one lump sum payment of Fifty Five Thousand Dollars and No Cents ($55,000.00) by check, made payable to **Ryan Kim P.C. Client Trust Account,** within 30 days of the latter of full-execution of this Agreement, the final court approval of the settlement not subject to any or further appeal, and Ryan Kim P.C.'s providing of a form W-9. In the event an order approving this settlement cannot be obtained this Agreement shall be null and void.

2. The settlement amount is allocated for Plaintiff's non-economic damages, attorney's fees, and costs and penalties requested in the Complaint. Plaintiff's counsel should be allocated $18,608.83 including the cost and the plaintiff should receive $36,391.17.

3. **Mutual Release.** In exchange for execution of this Agreement, and other good and valuable consideration as set forth herein, the Parties, on behalf of themselves, respectively, and any of the Parties' officers, directors, members, heirs, affiliates, assigns, agents, representatives, insurers, executors, administrators, lien-holders, subrogees, predecessors, principals, and successors-in-interest, attorneys, and all persons acting by, through, under or in concert with them, or on their behalf, irrevocably and unconditionally release and discharge each other from the complaint only. In consideration of the promises made by Defendants in this Agreement, Plaintiff releases and forever discharges Defendants from only the claims raised or which could have been raised in the Lawsuit, arising under the Fair Labor Standards Act and the New York Labor Law. Plaintiff agrees that he is waving all claims he could assert against Defendants under Fair Labor Standards Act and New York Labor Law.

4. **Fair, Adequate, and Reasonable Settlement.** The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Lawsuits and have diligently pursued an investigation of their claims. The Parties further represent and warrant that they believe this settlement is a fair and reasonable resolution of the Lawsuits and that they have arrived at this settlement in arms-length negotiations, taking into account all relevant factors, present and potential. This settlement was reached after extensive negotiations by the Parties' respective attorneys.

5. **Settlement Timeline.** Within fourteen (14) calendar days after the Settlement Amount check Defendants issue is cleared from a bank, the Plaintiff shall file a stipulation to dismiss the lawsuit with prejudice.

6. **No Liens.** As an inducement to Defendants to enter into this Agreement, and as a material condition thereof, Plaintiff and Plaintiff's counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim they may have against Defendants for attorneys' fees or costs arising from or relating to the individuals and matter identified in this Agreement. Furthermore, Plaintiff and Plaintiff's counsel represent and warrant that no attorney, other than his counsel of record in this matter, has any attorney's fee lien on or claim to any proceeds arising out of, by virtue of, or in connection with the Lawsuit, and that the terms of this Agreement shall fully satisfy and all claims by any attorney arising out of or by virtue of or in connection with the Lawsuit.

Plaintiff, upon advice of counsel and in accord with this Agreement, agrees that any and all applicable medical and other liens that may be related to this litigation are to be paid out of the settlement proceeds, and that Medicaid, Medicare and any other lien claims are the responsibility of Plaintiff, with nothing further to be sought from any Defendants. In the event that this information is false or in any way incorrect, Plaintiff expressly warrants and agrees that said liens will be his sole responsibility and will be paid from these settlement proceeds with nothing further to be sought from any Defendants.

7. **No Admissions.** Defendants expressly deny all the allegations contained in the Lawsuit and expressly maintain their position that no violations of law occurred concerning Plaintiff, statutory, or otherwise. The Parties have agreed to settlement the Lawsuit, solely to avoid the expense, inconvenience, distractions and inherent uncertainties associated with any litigation or legal proceeding. Defendants do not admit to having engaged in any wrongdoing, malfeasance, misfeasance or negligent act, and denies having any liability to the Plaintiff.

8. **Default**. Default shall be defined as failure of Defendants to render the Settlement Amount to Plaintiffs as agreed within this Agreement (hereinafter "Default"). In the event of Default, the Parties agree that Plaintiff shall render a Notice to Cure Default to Defendants, providing Defendants to cure the Default within fourteen (14) days of the Notice to Cure. In the event of a Default after the Notice of Cure period, the Parties agree that Plaintiff shall file a Motion to Enforce Agreement, and Defendant shall be responsible to all costs, interest, and Plaintiff's reasonable attorney's fees in enforcing this Agreement.

9. **No Admissions.** Plaintiff expressly represents, warrants and covenants that he has not assigned any of the claims released hereinabove to any other person or entity.

10. **Non-Disparagement.** The Parties agree that either party will not make public or publish in any medium, including the Internet or any social media, any defamatory, disparaging or negative statement about each other, including with respect to their character, honesty, integrity, morality or business abilities, either personally or professionally.

11. **Tax indemnification.** Defendants make no representation as to the taxability of the Settlement Amount paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid by Plaintiff with respect to this Agreement and Settlement Amount. Moreover, Plaintiff agrees to indemnify Defendants and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of Plaintiff's non-payment of taxes on any amounts paid to Plaintiff or Plaintiff's attorney under the terms of this Agreement.

12. **Tax Consequences**. Plaintiff expressly acknowledges that no representations have been made to him by Defendants or Defendants' counsel regarding the tax consequences or other legal implications of the Settlement Amount. It is expressly understood that any liability for federal, state, local or any other taxes remains with Claimants.

13. **Entire Agreement.** This Agreement contains the entire agreement of the parties. They may not be changed orally but only by an agreement in writing signed by all the parties.

14. **Governing Law; Severability.** This Agreement shall be construed and enforced under the laws of the State of New York. Any ambiguities shall not be construed against the drafter. The parties agree that the provisions of this Agreement are severable and that, if any clause or clauses are found to be unenforceable, the entire Agreement shall not fail, but shall be construed or enforced without any severed clauses in accordance with the terms of this Agreement.

15. **Authority.** Each individual signing below warrants that he/she has the full authority to execute this Agreement and be bound to its terms and conditions.

16.     **Jurisdiction.** Parties agree to move jointly to seek the district court retaining jurisdiction of this case to enforce the settlement of this case.

_____   Dated: _____
David Kim

_____   Dated:   8/5/21
Cathay Express Transportation Inc.

_____   Dated:   8/5/21
Max Nisim Davydov

_____   Dated:   8/5/21
Esya Davydov

4

16. **Jurisdiction.** Parties agree to move jointly to seek the district court retaining jurisdiction of this case to enforce the settlement of this case.

_____  Dated: 07 / 30 / 2021
David Kim

_____  Dated: _____
Cathay Express Transportation Inc.

_____  Dated: _____
David Davydov

_____  Dated: _____
Esya Davydov

4